JAP:AL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ERICK DAVID PEREZ GARCIA,

          Defendant.

- - - - - - - - - - - - - - - - -X

**M10-1444**

C O M P L A I N T

(21 U.S.C. §§ 952(a)
and 960)

EASTERN DISTRICT OF NEW YORK, SS:

       PAUL NUGENT, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations, duly appointed according to law and acting as such.

       Upon information and belief, on or about December 5, 2010, within the Eastern District of New York and elsewhere, defendant ERICK DAVID PEREZ GARCIA did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

       (Title 21, United States Code, Sections 952(a) and 960).

2

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about December 5, 2010, ERICK DAVID PEREZ GARCIA (the "defendant") arrived at John F. Kennedy International Airport ("JFK") in Queens, New York aboard Taca flight 566 from Guatemala via San Salvador, El Salvador.

2. The defendant was selected for a Customs and Border Protection ("CBP") secondary examination. The defendant was in possession of one black Samsonite roller bag and one red and black Totto roller bag. The defendant stated, in substance, that both bags and their contents belonged to him.

3. A CBP officer removed four metal cans from the Samsonite bag. Three of the cans were labeled "Malher" refried beans. The fourth can was labeled "Badia" Yuca Cassava. All four cans were found to contain a white, powdery substance. The substance from one of the cans was field-tested and found to contain cocaine.

4. The defendant was arrested and was read his <u>Miranda</u> rights by agents of U.S. Immigration and Customs Enforcement ("ICE"). The defendant waived those rights. He then admitted, in substance and in part, that he knew his suitcase contained

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

illegal drugs and that he expected to be paid five hundred dollars per can to bring the drugs into the United States.

5. The total approximate gross weight of the cocaine found in the defendant's suitcase is 2,500.8 grams.

WHEREFORE, your deponent respectfully requests that Defendant ERICK DAVID PEREZ GARCIA be dealt with according to law.

*[signature]*
PAUL NUGENT
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
6th day of December, 2010

;E